UNITED STATES DISTRICT COURT
District of Maine

| | | |
|---|---|---|
| MAINE WINDJAMMERS, INC., Plaintiff, | ) | |
| v. | ) | 1:26-CV-_______________ |
| ONE ABOVE NY HARBOR SAILS LLC, DONNELL NETANEL ABRAAMS REED, STEVEN BABUS, and YITZCHOK YAAKOV DAVID PERKIN, Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff Maine Windjammers, Inc., by and through its counsel at Kelly, Remmel & Zimmerman, and complains as follows:

**Jurisdiction, Venue, and Parties**

1. This Complaint arises under the Court's general admiralty jurisdiction within the meaning of 28 U.S.C. § 1333, and Federal Rules of Civil Procedure 9(h) and the Supplemental Rules for Admiralty and Maritime Claims.

2. Plaintiff Maine Windjammers, Inc. (hereinafter "Plaintiff" and/or "Windjammers") is a business corporation with principal home office in the Town of Holden, County of Penobscot, State of Maine.

3. Upon information and belief, Defendant One Above NY Harbor Sails LLC (hereinafter "One Above") a business incorporated in the State of New York with principal place of business in New York City, New York.

4. Upon information and belief, Defendant Donnell Netanel Abraams Reed (hereinafter "Reed") is a resident of the State of New Jersey.

5. Upon information and belief, Steven Babus (hereinafter "Babus") is a resident of the State of New York.

6. Upon information and belief, Yitzchok Yaakov David Perkin (hereinafter "Perkin") is a resident of the State of New Jersey.

7. The parties entered into a Bareboat Lease-To-Purchase Agreement (hereinafter "Agreement") (attached hereto as Exhibit 1), with effective date May 7, 2026.

8. The Agreement identifies the "United States District Court for the District of Maine, sitting in admiralty where applicable" as proper venue for any dispute. *See* Ex. 1 ⁋ 19(j).

9. Defendant Reed is a personal guarantor of One Above's obligations under the Agreement. *See* Ex. 1.

10. Defendant Babus is a personal guarantor of One Above's obligations under the Agreement. *See* Ex. 1.

11. Defendant Perkin is a personal guarantor of One Above's obligations under the Agreement. *See* Ex. 1.

**General Allegations Applicable to All Counts**

12. Plaintiff is the owner of a vessel, *S/V Haley & Matthew* (hereinafter "Vessel"), with official number 1185172.

13. The Vessel is a Harris 93-foot fiberglass passenger schooner, built in Eastport, Maine in 2006, and capable of carrying 100 passengers.

14. The Parties entered into the Agreement, which included an initial bareboat charter period, which was to run through September 30, 2026, unless earlier terminated or extended in writing, to be followed by the purchase period, with a closing deadline of September 30, 2026, if the purchase were to occur. *See* Ex. 1 ⁋⁋ 3.1 and 3.2.

15. Before entering into the Agreement, One Above had the opportunity to conduct due diligence, inspect the Vessel, acquire a survey of the Vessel, review records, and consult authorities, and did in fact conduct one or more of these actions before entering into the Agreement. *See* Ex. 1 ⁋⁋ 9.1, 15.

16. In entering into the Agreement, One Above affirmed that it was "fully satisfied with [the Vessel's] condition" and was "ready to accept the Vessel." *See id*.

17. One Above took possession of the Vessel in Eastport, Maine, in May of 2026.

18. Pursuant to the Agreement, One Above paid to Plaintiff a deposit, *see* Ex. 1 ⁋ 1.3, and a prorated bareboat lease payment for May 2026, *see* Ex. 1 ⁋ 4.3(b).

19. One Above has made no monthly bareboat lease payments to Plaintiff after May 2026.

20. Pursuant to the Agreement, One Above was required to pay to Plaintiff the $30,000.00 monthly bareboat lease payment to Plaintiff for June 2026 by June 1, 2026. *See* Ex. 1 ⁋ 4.3(b). That payment was never made.

21. Pursuant to the Agreement, One Above was required to pay to Plaintiff the $30,000.00 monthly bareboat lease payment to Plaintiff for July 2026 by July 1, 2026. *See* Ex. 1 ⁋ 4.3(c)(i). That payment was never made.

22. Pursuant to the Agreement, One Above was required to pay to Plaintiff the $30,000.00 monthly bareboat lease payment to Plaintiff for August 2026 by July 1, 2026. *See* Ex. 1 ⁋ 4.3(c)(i). That payment was never made.

23. Pursuant to the Agreement, One Above was required to pay to Plaintiff the $30,000.00 monthly bareboat lease payment to Plaintiff for September 2026 by August 1, 2026. *See* Ex. 1 ⁋ 4.3(c)(ii). That payment was never made.

24. Plaintiff, by and through counsel, sent to Defendants a Notice of Default and Termination of Lease and Purchase Agreement on August 10, 2026 (attached hereto as Exhibit 2).

25. The Agreement provides for a cure period of seven business days for any payment defaults. *See* Ex. 1 ⁋ 13.3. Still, no payments were received from Defendants after May 2026.

26. The Agreement contains a mediation provision as a condition precedent to filing a lawsuit arising out of or relating to this Agreement. *See* Ex. 1 ⁋ 19(k). Counsel for Plaintiff sent an e-mail to counsel for Defendants on August 21, 2026, identifying several potential mediators and mediation dates, and inviting additional mediation suggestions from Defendants (attached hereto as Exhibit 3). As of August 31, 2026, no substantive response was received from Defendant or their representatives regarding a pre-suit mediation.

27. Pursuant to the Agreement, "[t]he prevailing Paty in any dispute shall be entitled to reasonable attorneys fees and costs." Ex. 1 ⁋ 19(j).

## Count I: Breach of Charter Contract

28. Plaintiff Maine Windjammers, Inc. incorporates by reference paragraphs 1 through 27 of this Complaint into Count I.

29. The Agreement, attached at Exhibit 1, constitutes a maritime contract.

30. All parties accepted the terms of the Agreement.

31. Defendant One Above failed to make timely bareboat lease payments as provided for in the Agreement for the months of June 2026, July 2026, August 2026, and September 2026, in breach of the Agreement.

32. Unpaid bareboat lease payments in the amount of $120,000.00 are outstanding and owed by Defendant to Plaintiff.

33. In the event of default by Defendant One Above, all deposit and bareboat lease payments are forfeited. *See* Ex. 1 ¶ 13.1.

34. In the event of default by Defendant One Above, Defendant is liable for any damages resulting from Defendant's breach, including but not limited to damage to the Vessel and unpaid charges. *See* Ex. 1 ¶ 13.1.

35. Upon information and belief, Defendant has caused damage to the Vessel which will require review, evaluation, and repairs to restore it to its pre-charter operating and salable condition.

36. Beyond the unpaid bareboat lease payments (*see* ¶ 32, *supra*), the full categories and extent of damages resulting from Defendant's breach is not presently known and cannot be fully known at this time while the Vessel remains in Defendant's possession and in New York Harbor.

WHEREFORE, Plaintiff Maine Windjammers, Inc. respectfully requests that this Court enter judgment for Plaintiff against Defendants, jointly and severally, for all outstanding bareboat lease payments, the reasonable cost of damages to the Vessel to be determined later, including costs associated with repairing the Vessel and returning it to an operating and salable condition, unpaid charges, pre-judgment interest, post-judgment interest, costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## **Count II: Guarantor Liability**

37. Plaintiff Maine Windjammers, Inc. incorporates by reference paragraphs 1 through 36 of this Complaint into Count II.

38. As part of the Agreement and a condition to the Agreement, Defendant Connell Netanel Abraams Reed executed a personal guaranty of One Above's obligations under the Agreement. *See* Ex. 1.

39. As part of the Agreement and a condition to the Agreement, Defendant Steven Babus executed a personal guaranty of One Above's obligations under the Agreement. *See* Ex. 1.

40. As part of the Agreement and a condition to the Agreement, Defendant Yitzchok Yaakov David Perkin executed a personal guaranty of One Above's obligations under the Agreement. *See* Ex. 1.

41. Each of the guarantors participated in the negotiation and creation of the Maine Agreement with a District of Maine venue clause.

42. Each of the guarantors signed a guaranty that is effective and part of maritime contract to be enforced in Maine.

43. Each of the guarantors is personally liable for payments required under the Agreement, unpaid charges, repairs, costs, attorneys' fees, and other damages.

WHEREFORE, Plaintiff Maine Windjammers, Inc. respectfully requests that this Court enter judgment for Plaintiff against Defendants Reed, Babus, and Perkin, jointly and severally, for all outstanding bareboat lease payments, the reasonable cost of damages to the Vessel to be determined later, including costs associated with repairing the Vessel and returning it to an operating and salable condition, unpaid charges, pre-judgment interest, post-judgment interest, costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

**Count III: Possessory Action and/or Maritime Replevin**

44. Plaintiff Maine Windjammers, Inc. incorporates by reference paragraphs 1 through 43 of this Complaint into Count III.

45. Pursuant to the Agreement, Plaintiff may repossess the Vessel in the event of payment default by One Above, without the need for court order. *See* Ex. 1 ⁋ 13.4.

46. Defendant defaulted in breach of the Agreement by at a minimum failing to make any bareboat lease payments or cure their payment default since May 2026.

47. Defendant has no right to keep possession of the Vessel.

48. Defendant has refused to cooperate with Plaintiff and/or Plaintiff's counsel to allow Plaintiff's to retake possession of the Vessel since Defendant's default.

49. The Vessel presently remains in Defendant's possession in New York Harbor.

50. Upon information and belief, the Vessel may be unmanned and/or abandoned by Defendant.

51. Nevertheless, Defendant still has failed to give approval for Plaintiff to put suitable crew on board the Vessel to assess its damage, begin repairs, and/or transport the Vessel back to Maine.

52. Plaintiff's full damages cannot be determined until Plaintiff has the opportunity to assess the status of the Vessel and complete necessary repairs.

53. So long as the Vessel remains in Defendant's possession, after Defendant's default of the Agreement and while in breach of the same, Plaintiff is missing opportunities to sell the Vessel to other prospective buyers, lease the Vessel for other charter hires, and/or earn other funds from or related to the Vessel.

54. Federal Rules of Civil Procedure Supplemental Rule D for Admiralty Claims allows vessel owner(s) to bring possessory action against others to obtain possession of the vessel.

WHEREFORE, Plaintiff Maine Windjammers, Inc. seeks an order from this Honorable Court awarding immediate possession of the Vessel to Plaintiff along with allowable costs and attorneys' fees and such other and further relief as this Court deems just and proper.

Dated at Portland, Maine this 3rd day of September, 2026.

/s/ Stephen W. Koerting
Stephen W. Koerting, MBN 5820
skoerting@krz.com
U. Charles Remmel, MBN 1029
cremmel@krz.com
KELLY, REMMEL & ZIMMERMAN
Attorneys for Plaintiff, Maine Windjammers, Inc.
53 Exchange Street
Portland, Maine 04101
(207) 775-1020