**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **MAINE WINDJAMMERS, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:26-cv-00424-LEW** |
| | ) | |
| **ONE ABOVE NY HARBOR SAILS LLC et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |

**ORDER FOR SERVICE BY ALTERNATIVE MEANS**

Before me is Plaintiff Maine Windjammers Inc.'s motion for an order authorizing it to serve Defendants One Above NY Harbor Sales LLC, Donnell Netanel, Abraams Reed, Steven Babus, and Yitchok Yaakov David Perkin by alternative means, specifically by e-mail. Motion (ECF No. 6). For the following reasons, the motion is granted.

## I. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Wells Fargo Bank, N.A. v. Dodge,* No. 2:22-cv-00412-LEW, 2024 WL 1309377, at *1 (D. Me. Mar. 27, 2024) (cleaned up). "Service may also be accomplished by following state law for serving a summons in an action brought in courts of general jurisdiction in

the state where the district court is located or where service is made." *Id.* (cleaned up).

Maine law permits service to be made "electronically or by any other means not prohibited by law" upon a motion "showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To satisfy this standard, the movant must submit "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (2) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and that (3) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

## II. BACKGROUND

This action concerns the Defendants' compliance with a lease-to-own agreement for the *S/V Haley & Mathew*, a 93-foot schooner. Complaint (ECF No. 1). The Court issued a summons for each Defendant on September 24, 2026. ECF No. 5. Plaintiff attempted to secure a waiver of service by contacting the Defendants' attorneys. Koerting Affidavit (ECF No. 6-4) at 1-2. After numerous communications between Plaintiff's counsel and the Defendants' attorneys, including sending courtesy

copies of the complaint and exhibits, and an initial motion seeking possession of the vessel, the attorneys informed Plaintiff's counsel that they no longer represented the Defendants and were unaware of any replacement counsel. *Id.*

As part of the business dealings between the parties, the Defendants communicated with the Plaintiff via e-mail and provided their physical addresses. *Id.* at 2. The Plaintiff attempted to serve the Defendants at these addresses through their respective sheriff's offices in New Jersey and Brooklyn, New York. *Id.*; ECF No. 6-5. These attempts were unsuccessful, and the Plaintiff has been unable to obtain updated addresses for the Defendants. Koerting Affidavit at 2. The Defendants have been aware of this litigation since August 2026. *Id.* at 3.

## III. DISCUSSION

The Plaintiff seeks to alternatively serve the Defendants by sending the summons and complaint to the e-mail addresses that it used to communicate with the Defendants during their business dealings. Motion at 1; *see also* Proposed Order (ECF No. 6-5); Koerting Affidavit. I find that the Plaintiff has shown that, in light of the efforts already taken, service of the Defendants "cannot with due diligence be made by another prescribed method," and that the requested method of alternative service is both reasonably calculated and the most practical means of providing actual notice of this action. *See* Me. R. Civ. P. 4(g)(1).

Although further steps could arguably have been taken to obtain personal service, the likelihood that Defendants received actual notice of the summons and complaint through the steps already taken justifies service by alternative means. *See*

Me. R. Civ. P. 4(g)(1)(A)-(B); *see also MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 163 (D. Me. 2009) (explaining that the sufficiency of the plaintiff's attempts to effectuate service "depends on the factual circumstances of the case").

## IV. CONCLUSION

Accordingly, the Plaintiff's motion for alternative service is **GRANTED**. Within thirty (30) days of the entry of this order, the Plaintiff shall serve the Defendants by e-mailing a copy of the summons and complaint, along with a copy of the order for alternative service issued alongside this order, to the e-mail addresses listed in its motion. The Plaintiff shall file an affidavit demonstrating compliance with this order once service is complete.

Dated: November 18, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge